IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

11 FEB -8 AM 8:30

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALBERTO PERALTA-BARRIOS,

    Defendant.

No. CV 11-0104 JP/GBW
CR 10-1979 JP

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under rules 4(b), 11 of the Rules Governing Section 2255 Proceedings, on Defendant's Motion For Time Reduction By Inmate In Federal Custody (28 U.S.C.A. § 2255) filed on January 31, 2011 (CV Doc. 1; CR Doc. 64). In text, the motion also contains a Petition For Commutation Of Sentence.

No relief is available on Defendant's claim for reduction of sentence. Defendant alleges that, because of his status as a deportable alien, he is ineligible for certain pre-release custody programs. He argues that his ineligibility will result in a longer term of imprisonment than an American citizen would serve. According to the motion, the length of the sentence violates Defendant's rights under the Equal Protection Clause.

> [Defendant's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . . .
> . . . .
> . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 814, 816 (10th Cir. 2006) (internal citations omitted).

Under the reasoning in *Tamayo*, the Court will dismiss Defendant's claim for reduction of sentence.

Furthermore, this Court has no authority to consider Defendant's petition for commutation of sentence. "A clemency petition is directed to the executive branch of government which has the power to grant clemency or commute a sentence. As such, clemency is an executive remedy not a judicial remedy. 'Unlike probation, pardon and commutation decisions have not traditionally been the business of courts.'" *Graham v. Angelone*, 73 F. Supp. 2d 629, 630 (E.D. Va. 1999) (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)). "[E]xecutive clemency is the only form of clemency in the federal system." *Hain v. Mullin*, 436 F.3d 1168, 1174 (10th Cir. 2006) (citing U.S. Const. art. II, § 2). Defendant's petition for commutation will be dismissed without prejudice.

The Court also determines, *sua sponte* under rule 11 of the Rules Governing Section 2255 Cases, that Defendant has failed to make a substantial showing of denial of a constitutional right, and the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Petition For Commutation Of Sentence is DISMISSED without prejudice; otherwise Defendant's Motion For Time Reduction By Inmate In Federal Custody (28 U.S.C.A. § 2255) filed on January 31, 2011 (CV Doc. 1; CR Doc. 64) is DISMISSED with prejudice; and judgment will be entered;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE